IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 1 1 2011

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:11CR160 |
| | § | |
| SYED ALI KAZMI | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 18 U.S.C. § 371 (Conspiracy to Commit Fraud in Connection with Computers)

### Introduction

At all times material to this Indictment:

1.     Apple, Inc. (Apple) was an American multinational corporation that designs, manufacturers, and markets consumer electronics, computer software, and personal computers, including the iPhone.

2.     AT&T was a telecommunications carrier as defined by the Communications Act of 1934, 47 U.S.C. § 153.  AT&T is located in the Eastern District of Texas and elsewhere.

3.     Mobilelife was an authorized AT&T retailer that operated through kiosks located in shopping malls in the Eastern District of Texas and elsewhere.  Mobilelife was able to initiate and make changes to customers' mobile telephone service through AT&T.

4.     The defendant, **Syed Ali Kazmi (Kazmi)**, was employed by Mobilelife as a sales manager.

5.     JM and DM were employees of Mobilelife and worked with **Kazmi**.

**KAZMI INDICTMENT–Page 1**

6.   Mobilelife kiosks operated computers that were connected to the Internet and were used in and affected interstate commerce.

**The Conspiracy**

7.   From on or about September 1, 2009, the exact date being unknown to the Grand Jury, until on or about March 1, 2010, in the Eastern District of Texas and elsewhere, **Kazmi** knowingly and willfully combined, conspired, confederated and agreed with JM, DM, and other co-conspirators known and unknown to the Grand Jury to, knowingly and with intent to defraud, access a protected computer without authorization or exceeding authorized access, and by means of such conduct furthered the intended fraud and obtained something of value in violation of 18 U.S.C. § 1030.

**The Manner and Means of the Conspiracy**

8.   It was a part of the conspiracy that:

a.   **Kazmi** and his co-conspirators obtained social security numbers of certain individuals ("Customers").

b.   **Kazmi** installed a computer program called "Log-Me-In" which allowed him to remotely access Mobilelife Point of Sale terminals from his own computer.

c.   **Kazmi** or others at **Kazmi**'s direction would either make changes to the Customers' AT&T phone accounts without their permission or open new AT&T phone accounts without their knowledge.  The changes included adding phone lines and adding **Kazmi** or a co-conspirator as an authorized users to the accounts, among other things.

d.   **Kazmi** knew that the unauthorized changes or new accounts would make Customers' accounts eligible to purchase a iPhones from Apple at discounted prices.

e.   **Kazmi** or others at **Kazmi**'s direction entered Apple stores and purchased iPhones using the accounts that Kazmi created or made unauthorized

KAZMI INDICTMENT–Page 2

changes to, in exchange for payment.

f.  **Kazmi** would then obtain and resell the iPhones at higher prices to an individual known to the Grand Jury who would then export the iPhones for sale overseas.

g.  **Kazmi** or others at **Kazmi**'s direction changed account billing addresses, cancelled the changes, or closed the new accounts after the iPhones were purchased in order to avoid detection.

h.  After the unauthorized changes or new accounts were cancelled, the iPhones were not returned to Apple as required.  AT&T was required then to reimburse Apple for the iPhones, resulting in a financial loss to AT&T of more than $400,000.

i.  **Kazmi** and his co-conspirators accessed or opened accounts regarding more than 200 individuals and more than 1000 phone lines.

## Overt Acts

9.  On or about the following dates, in the Eastern District of Texas and elsewhere, **Kazmi** and his co-conspirators took or caused to be taken the following overt acts, to wit, accessing the following customer accounts without or in excess of authorization:

|   | **Date** | **Customer** | **Account No.** | **Phone No.** |
|---|---|---|---|---|
| 1 | Dec. 2009 | HC | x3052 | x3729 |
| 2 | Dec. 2009 | HC | x3052 | x4528 |
| 3 | Dec. 2009 | HC | x3052 | x4664 |
| 4 | Dec. 2009 | HC | x3052 | x1640 |
| 5 | Dec. 2009 | HC | x3052 | x9231 |
| 6 | Jan. 2010 | ROW | x7595 | x1449 |
| 7 | Jan. 2010 | ROW | x7595 | x1472 |
| 8 | Jan. 2010 | ROW | x7595 | x1704 |
| 9 | Jan. 2010 | ROW | x7595 | x5986 |

KAZMI INDICTMENT–Page 3

| 10 | Jan. 2010 | ROW | x7595 | x8306 |
| 11 | Feb 2010 | WC | x7696 | x7255 |
| 12 | Feb. 2010 | WC | x7696 | x5532 |
| 13 | Feb. 2010 | WC | x7696 | x5568 |
| 14 | Feb. 2010 | WC | x7696 | x5579 |
| 15 | Feb. 2010 | WC | x7696 | x5580 |
| 16 | Nov. 2009 | LR | x2760 | x9182 |
| 17 | Nov. 2009 | LR | x2760 | x9188 |
| 18 | Nov. 2009 | LR | x2760 | x9368 |
| 19 | Nov. 2009 | LR | x2760 | x9387 |
| 20 | Nov. 2009 | LR | x2760 | x9391 |

In violation of 18 U.S.C. § 371.

## Count Two

Violation: 18 U.S.C. § 1028A (Aggravated Identity Theft)

In or about November 2009, in the Eastern District of Texas, **Syed Ali Kazmi** did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of LR, during and relation to a violation of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records Information of a Covered Entity, in violation of 18 U.S.C. § 1028A.

**KAZMI INDICTMENT–Page 4**

## Count Three

Violation: 18 U.S.C. § 1028A (Aggravated Identity Theft)

In or about December 2009, in the Eastern District of Texas, **Kazmi** did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of HC, during and relation to a violation of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records Information of a Covered Entity, in violation of 18 U.S.C. § 1028A

## Count Four

Violation: 18 U.S.C. § 1028A (Aggravated Identity Theft)

In or about January 2010, in the Eastern District of Texas, **Kazmi** did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of ROW, during and relation to a violation of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records Information of a Covered Entity, in violation of 18 U.S.C. § 1028A

## Count Five

Violation: 18 U.S.C. § 1028A (Aggravated Identity Theft)

In or about February 2010, in the Eastern District of Texas, **Kazmi** did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of WC, during and relation to a violation of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records Information of a Covered Entity, in

**KAZMI INDICTMENT–Page 5**

violation of 18 U.S.C. § 1028A

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(2) & 28 U.S.C. § 2461

As the result of violating 18 U.S.C. § 371 as alleged in this Indictment, **Kazmi** shall forfeit

to the United States of America all property, real or personal, that constitutes or is derived from

proceeds traceable to the aforementioned violations, including but not limited to the following:

1.      Cash proceeds in the amount of approximately $548,560.00 in United States

currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property

constituting, or derived from, proceeds obtained directly or indirectly, as the result of the

foregoing offenses alleged in this Indictment.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of

any act or omission by **Syed Ali Kazmi**–

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to

seek forfeiture of any other property of the defendant up to the value of the above forfeitable

property, including but not limited to all property, both real and personal owned by **Kazmi**.

**KAZMI INDICTMENT–Page 6**

By virtue of the commission of the offenses alleged in this Indictment, any and all interest

**Kazmi** has in the above-described property is vested in and forfeited to the United States.

A TRUE BILL.

GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

Camelia Lopez
Assistant United States Attorney
Texas State Bar No. 54036990
101 East Park Blvd., Suite 500
Plano, Texas 75074
T: (972) 509-1201
F: (972) 509-1209

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA          §
                                  §
v.                                §          NO. 4:11CR_____
                                  §          Judge
SYED ALI KAZMI                    §

## NOTICE OF PENALTY

### Count One

Violation:          18 U.S.C. § 371
                    (Conspiracy to Commit Fraud in Connection
                    with Computers)

Penalty:            A fine of not more than $250,000, and/or
                    imprisonment for not more than 5 years,
                    and a Term of Supervised Release for not
                    more than 3 years.

Special
Assessment:         $100.00

### Counts Two through Five

Violation:          18 U.S.C. § 1028A
                    (Aggravated Identity Theft)

Penalty:            For each count, a term of imprisonment of 2
                    years to run consecutively to any other offense
                    of conviction.

Special
Assessment:         $100.00 for each count.